**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA**

| | | |
|---|---|---|
| DAVID PAQUIN, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. |
| v. | ) ) | |
| | ) | **JURY TRIAL DEMANDED** |
| CAPITAL ONE FINANCIAL CORPORATION, | ) ) ) | |
| Defendant. | ) | |

**CLASS ACTION COMPLAINT**

**Preliminary Statement**

1.     Plaintiff David Paquin ("Plaintiff"), individually and on behalf of all others similarly situated, brings this action against Defendant Capital One Financial Corporation ("Defendant") for violations of the Florida Consumer Collection Practices Act.

2.     Plaintiff seeks certification of a class of similarly situated individuals, as well as monetary and injunctive relief as described below.

**Parties**

3.     Plaintiff David Paquin is an individual person and a resident of Dade City, Florida.

4.     Defendant is a financial services company organized and existing under the laws of the State of Delaware, with its principal place of business in McLean, Virginia.

1

## Jurisdiction & Venue

5.      Federal jurisdiction exists pursuant to 28 U.S.C. § 1332(d)(2), the Class Action Fairness Act ("CAFA"), in that: (1) the members of the Class exceed 100; (2) the citizenship of at least one proposed Class member is different from that of Defendant; and (3) the matter in controversy, after aggregating the claims of the proposed Class members, exceeds $5,000,000.00, exclusive of interest and costs.

6.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because Defendant does business in this District and thus resides in this District within the meaning of 28 U.S.C. § 1391(c)(2), and because the complained of conduct by Defendant occurred in this District.

## Factual Allegations

7.      At all times relevant hereto, Plaintiff subscribed to a cellular telephone service for the number (xxx) xxx-5446.

8.      In or around December 2025, Defendant began attempting to collect a consumer debt from Plaintiff.

9.      Defendant attempted to collect the debt from Plaintiff by transmitting to him multiple collection communications in the form of telephone calls to his cellular telephone number.

10.     One such communication was received by Plaintiff on his personal phone number on April 20, 2026 at 9:51 p.m. in his time zone.

2

11.    Immediately prior to receipt of that communication, Plaintiff was resting, undisrupted, and otherwise in a peaceful state of mind. The communication was unexpected, startled him, and woke him from sleeping.

12.    The communication caused Plaintiff's cellular telephone to light up and emit an audible sound at the time it was received and, in so doing, intruded into the peace and quiet realm of Plaintiff that is private and personal, and prior to receipt of the communication, was undisturbed.

13.    In response to the light and audible sound caused by the communication, Plaintiff retrieved his cellular telephone and, on that device, reviewed the communication, identified Defendant as the sender of the communication and learned that Defendant was attempting to collect a consumer debt from Plaintiff.

14.    Plaintiff did not give, and Defendant did not receive or otherwise obtain, prior consent to communicate with Plaintiff in connection with collection of the debt between the hours of 9:00 p.m. and 8:00 a.m.

15.    Defendant knew that it did not have consent to communicate with Plaintiff between the hours of 9:00 p.m. and 8:00 a.m., and that doing so would be disruptive, inconvenient, and annoying to Plaintiff.

16.    After reviewing the communication from Defendant and becoming apprised of the subject matter thereof, Plaintiff became upset, frustrated and annoyed, because Defendant was attempting to collect a debt from him at 9:51 p.m. without having obtained his consent to do so.

17.    Plaintiff wasted several minutes of his time upon receiving Defendant's communication in retrieving his cellular telephone to determine the nature and origin of the apparent alert, reviewing Defendant's communication, and comprehending and evaluating the subject matter thereof.

18.    As a result of the foregoing, Plaintiff became restless, agitated, and generally unable to return to the tranquil state he had enjoyed immediately prior to receiving Defendant's communication.

19.    This disruption and intrusion resulting from Defendant's communication caused Plaintiff to lose at least six hours of sleep.

20.    The loss of sleep occasioned by Defendant's communication led to Plaintiff being fatigued the following day, impacting his work performance and overall mental well-being.

21.    The natural and foreseeable consequence of Defendant's communication is the harassment, oppression, and disruption of Plaintiff in connection with the collection of a debt because Defendant knew that the method of communication it chose to employ was inconvenient for Plaintiff.

22.    Plaintiff was inconvenienced by the communication.

23.    Absent consent, it is inconvenient to communicate with a consumer, such as Plaintiff, between the hours of 9:00 p.m. and 8:00 a.m.

24.    Defendant's decision to communicate with Plaintiff at 9:51 p.m. in an attempt to collect a debt was deliberate and willful because Defendant collects

payments from consumers more consistently and quickly when demanding payment late at night.

25.    Defendant has the means and ability to limit its debt collection communications to Florida consumers to between the hours of 8:00 a.m. and 9:00 p.m., but willfully fails to do so.

26.    Defendant knows that by communicating with a consumer via telephone calls, the consumer's cellular telephone can cause the device to emit light and/or audible sound, and that—depending on the timing—said telephone calls will intrude into the peace and quiet realm that is private and personal to the consumer.

27.    Defendant knowingly transmits these communications because it believes the economic benefit it obtains by demanding payment from Florida consumers between the hours of 9:00 p.m. and 8:00 a.m. in an attempt to collect a debt outweighs the harm Defendant inflicts on Florida consumers.

28.    Despite the privacy rights enjoyed by Plaintiff under Fla. Stat. § 559.72(17), Defendant continues to communicate with Plaintiff between the hours of 9:00 p.m. and 8:00 a.m., without any indication that it will cease such conduct.

29.    Defendant's willful disregard for the law and privacy rights enjoyed by Florida consumers to be free from communications in connection with the collection of a debt between the hours of 9:00 p.m. and 8:00 a.m. warrants the imposition of punitive damages to ensure Defendant's compliance with the law in the future.

30.     In addition to the communication described above, Defendant also sent Plaintiff an additional collection communication in the way of a telephone call on April 24, 2026, to his personal cellular phone number at 9:08 p.m. in his time zone.

31.     The communications described herein injured Plaintiff by invading his privacy, intruding upon his seclusion, disrupting his sleep, interfering with his cellular telephone phone, wasting his time, and causing him aggravation, annoyance, and inconvenience.

### Class Action Statement

32.     As authorized by Rule 23(b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a proposed Class of similarly situated persons throughout the State of Florida.

33.     The proposed class is tentatively defined as:

> (1) All persons with a Florida address; (2) who received a telephone call from Defendant; (3) in connection with the collection of a consumer debt; (4) between the hours of 9:00 p.m. and 8:00 a.m.; (5) in the 24-month period immediately preceding the commencement of this action.

34.     Excluded from the Class are the Judge to whom this case is assigned, any members of the Judge's immediate family, and counsel of record in this action.

35.     The Class defined above is identifiable through Defendant's own call records and business records as well as phone number databases.

36.     Given the size of Defendant's business and its calling/collection practices, the class members number at least in the hundreds.

37.     Individual joinder of these persons is impracticable.

6

38.     Plaintiff is a member of the Class.

39.     There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

(a)   Whether Defendant sent a collection communication to Plaintiff and members of the Class between the hours of 9:00 p.m. and 8:00 a.m. in an attempt to collect a debt;

(b)   Whether Defendant, as a result of said collection communications, violated the FCCPA;

(c)   Whether Defendant is liable for damages, and the amount of such damages; and

(d)   Whether Defendant should be enjoined from such conduct in the future.

40.     Plaintiff's claims are typical of the claims of members of the Class because they arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

41.     Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he is represented by counsel skilled and experienced in class actions.

42.     Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small

claimants, and deters illegal activities.  There will be no significant difficulty in the management of this case as a class action.

43.     The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case, and the small amount of recoverable damages.

## Legal Claim

## Violation of Fla. Stat. § 559.72(17)

44.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

45.     Pursuant to § 559.72(17) of the FCCPA, in collecting consumer debts, no person shall: "[c]ommunicate with the debtor between the hours of 9 p.m. and 8 a.m. in the debtor's time zone without the prior consent of the debtor." Fla Stat. § 559.72(17).

46.     As set forth above, Defendant sent communications to Plaintiff and members of the Class in connection with the collection of a consumer debt. The communications were sent to Plaintiff and members of the Class between the hours of 9:00 p.m. and 8:00 a.m. in the time zone of Plaintiff and members of the Class. Defendant did not have the consent of Plaintiff or members of the Class to communicate with them between the hours of 9:00 p.m. and 8:00 a.m. Accordingly, in transmitting the communications, Defendant violated § 559.72(17) of the FCCPA.

47.     In addition to available statutory damages, Plaintiff and the members of the Class are entitled to and do seek injunctive relief prohibiting Defendant from violating the FCCPA in the future.

### Relief Sought

WHEREFORE, Plaintiff, on behalf of himself and members of the Class, respectfully requests this Court to enter a judgment against Defendant, as follows:

A.     An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing a Class as the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

B.     Awarding statutory damages as provided by Fla. Stat. § 559.77(2);

C.     An order declaring that Defendant's actions, as alleged above, violate Fla. Stat. § 559.72(17);

D.     An injunction requiring Defendant to comply with Fla. Stat. § 559.72(17);

E.     Costs and reasonable attorneys' fees pursuant to Fla. Stat. § 559.77(2); and

F.     Such other relief as the Court deems just and proper.

### Jury Demand

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff, individually and on behalf of all others similarly situated, demands a trial by jury on all issues so triable.

Dated: July 23, 2026

Respectfully Submitted,

DAVID PAQUIN, individually and on behalf of all others similarly situated, Plaintiff

By:  /s/ Scott D. Owens

Scott D. Owens
SCOTT D. OWENS, P.A.
2750 N. 29th Avenue, Suite 209A
Hollywood, Florida 33020
(954) 589-0588
scott@scottdowens.com

/s/ Andrew Grim
Andrew Grim, Esq. (FBN: 1041087)
Richard Peck, Esq. (FBN: 47105)
Peck Law Firm, PA
12515 Spring Hill Dr.
Spring Hill, FL 34609
(352) 835-7977
litigation@pecklawfirmfl.com
**Attorneys for Plaintiff and the Putative Classes**